**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:18 PM November 18, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARTIN L. MYERS, | ) | CASE NO. 11-61426 |
| | ) | |
| Debtor. | ) | ADV. NO. 13-6067 |
| _____ | ) | |
| ANTHONY J. DEGIROLAMO, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| PRIMARY COLORS DESIGN | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

     Plaintiff's complaint included "John Does 1-10 (Names Unknown)" ("Doe Defendants") as defendants in this action, alleging they may be subsequent transferees of shares or assets of one of the principle defendants, Primary Colors Design Corp. Defendant Martin L. Myers now moves to dismiss the Doe defendants under Bankruptcy Rule 7004.

     The court has jurisdiction of this case under 28 U.S.C. § 1334 and General Order 2012-7, dated April 4, 2012, the referral order entered pursuant to 28 U.S.C. § 157(a) by the United States District Court for the Northern District of Ohio. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This proceeding is statutorily designated as a core proceeding

1

under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## PROCEDURAL BACKGROUND

Plaintiff filed the complaint on April 28, 2013. The court issued the summons on April 30, 2013. Plaintiff served the summons to most defendants on May 3, 2013. The unnamed "John Does 1-10" defendants were not served. Plaintiff filed an amended complaint on August 30, 2013. Again, the unnamed defendants were not served, nor have they been identified. Plaintiff did not seek any extension, or take any action, regarding the naming or service of the Doe Defendants.

## DISCUSSION

Defendant Myers relies on Federal Rule 4(m) as the basis for dismissal. Federal Civil Rule 4(m) is incorporated into bankruptcy practice by Bankruptcy Rule 7004(a)(1). Under Rule 4(m), a defendant is to be served within 120 days of the filing of the complaint. If this is not accomplished, the court can either dismiss the action, without prejudice, or establish a time frame for service. Additional time is mandated if the plaintiff establishes good cause for its service failure. No one disputes Plaintiff's failure to serve within the 120 day window. The first consideration, therefore, is whether Plaintiff can establish good cause for his failure. If Plaintiff demonstrates good cause, the court must allow additional time for service under Rule 4(m).

In analyzing Rule 4(m) under the designation of its predecessor, Rule 4(j), the Sixth Circuit explained that "good cause "necessitates a demonstration of why service was not made within the time constraints of [the rule]." Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994) (citations omitted). One way to establish good cause is to show that reasonable and diligent service efforts were made. Id. (citation omitted). Plaintiff's failure to do anything defeats any display of good cause. "A plaintiff may not sidestep Rule 4(m) by disregarding his obligation that a defendant, even an unnamed or 'John Doe' defendant, be 'served within 120 days after the complaint is filed.'" Smith v. City of Euclid, 2012 WL 2505851, *3 (N.D. Ohio 2012) (unpublished) (citation omitted). Since service is required within 120 days, courts conclude that the rule must apply equally to naming unidentified parties. Garner v. City of Memphis, 2013 WL 3822088, *3 (W.D. Tenn. 2013) (citing Petty v. Cty. Of Franklin, Ohio, 478 F.3d 341, 345 (6th Cir. 2007)). Consequently, Plaintiff's inaction, even within the context of unnamed, unknown defendants, lacks good cause.

In spite of its inability to show good cause, Plaintiff may still obtain an extension through the exercise of the court's discretion. Lopez v. Donaldson (In re Lopez), 292 B.R. 570, 574 (E.D. Mich. 2003) (citing Henderson v. U.S., 517 U.S. 654, 658 n. 5 (1996) (other citation omitted)). Considerations may include (1) the length of time an extension would require, (2) any additional prejudice, beyond mere defense of the lawsuit, borne by the defendant(s), (3) whether the

defendant(s) have actual notice of the lawsuit, (4) whether dismissal without prejudice substantially prejudices the plaintiff, and (5) whether plaintiff made good faith efforts to attempt service. Lopez, 292 B.R. at 576 (citing Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322, 326 (E.D. Mich. 2001)).

The consideration that strongly tends in Plaintiff's favor is the prejudice that would occur to Plaintiff if the Doe Defendants were dismissed. Russell v. Goins (In re Goins), 2006 WL 2089922, * 6 (Bankr. E.D. Tenn. 2006) (unpublished); Evans v. DiBartolo (In re Evans), 2006 WL 3097394, * 3 (Bankr. N.D. Ohio 2006) (unpublished). Even if the court dismisses without prejudice, the statute of limitations would prevent successful refiling of the complaint.

Operating against Plaintiff, however, are the latter two considerations. The Doe Defendants remain unidentified, so it unlikely they have knowledge of this action. Plaintiff proposes February 22, 2014 as a new deadline to name and serve the Doe Defendants. Since fact discovery is scheduled to end on January 17, 2014, using Plaintiff's suggested deadline would require discovery to be reopened for the Doe Defendants. The proceeding is set for trial in June 2014, leaving Doe Defendants only three months to mount their defense. This doesn't account for any additional time that may be necessary once the Doe Defendants are named. Clearly, the entire schedule set forth by the parties in their planning report, and adopted by this court on June 25, 2013, would be interrupted by the extension.

The court is also mindful of timing issues leading to this point. The underlying case was filed in April 2011. Plaintiff filed this adversary immediately before the applicable statute of limitations expired. Consequently, Plaintiff had two years leading into this action. The deposition of Debtor's accountant and financial advisor, Scott Snow, is only now occurring. The court is not convinced of Plaintiff's diligence. This concern is made more troublesome by Plaintiff's failure to take any action to extend the deadline in Rule 4(m), or to take it into consideration in the planning report.

However, the court also recognizes that Plaintiff only recently obtained a vast quantity of paper discovery following an in camera inspection by the court concluded in August 2013. This is the single most important factor. Coupled with the severe prejudice dismissal would have on Plaintiff, the court finds the facts weigh in Plaintiff's favor, however slightly. The court will exercise its discretion to extend the time to identify and serve the Doe Defendants but not per Plaintiff's request. Plaintiff shall have until December 31, 2013 to name and serve the Doe Defendants.

The court will enter a separate order denying Defendant's motion in accordance with this opinion.

#     #     #

**Service List:**

Chrysanthe E Vassiles
Gordon D Woolbert, II
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Brian J. Halligan
Halligan & Lang Co., LPA
1149 East Main Street
PO Box 455
Ashland, OH 44805

Ronald N Towne
Ann L Wehener
388 S. Main St. Suit 402
Akron, OH 44311

Richard K Stovall
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215